**\*\*E-filed 9/16/11\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, | No. C 11-4111 RS |
| Plaintiff, | |
| v. | **ORDER** |
| CYNTHIA FONTES, et al., | |
| Defendants. / | |

This action was filed as an unlawful detainer proceeding in Monterey Superior Court. Defendants removed, contending that removal jurisdiction exists (1) on the basis of diversity of citizenship, (2) based on their assertions that plaintiff violated federal law, and/or (3) under 28 U.S.C. § 1443, which permits removal in certain instances involving civil rights claims. That defendants may believe they have defenses or affirmative claims against plaintiff implicating federal law is not a sufficient basis to support removal jurisdiction on federal question grounds. The existence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 (2002). The rule applies equally to evaluating the existence of federal questions in cases brought initially in this Court and in removed cases. *Id.* at n. 2. Under that rule, a federal question must be presented by what is or should have been alleged *in the complaint. Id.* at 830. Thus, the fact that a federal question may be implicated through matters raised by demurrer, answer, or counterclaim is insufficient.

Removals under 28 U.S.C. § 1443, in contrast, may be premised on defensive matters. Removals under that provision, however, must satisfy a two-part test. *Patel v. Del Taco, Inc.*, 446 F.3d 996 (9th Cir. 2006). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights . . . . Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.* (citation omitted). Here, defendants have alleged no facts that any of their claimed defenses to the unlawful detainer implicate statutes explicitly protecting equal racial civil rights, or that there is any California statute or constitutional provision purporting to command state courts to ignore those federal rights. Nor does it appear plausible that defendants could so allege. Accordingly, their reliance on § 1443 as a basis for removal is without merit.

As to diversity of citizenship as a basis for removal jurisdiction, even assuming defendants' contentions as to the parties' respective citizenships and the amount in controversy are supportable, defendants are citizens of California. The removal therefore contravenes the provision of 28 U.S.C. § 1441(b) that precludes removal where any defendant is a citizen of the state in which the action was brought (the "no local defendant rule"). Removal in violation of the no local defendant rule, however, is a waivable defect, which, absent objection by the plaintiff, does not preclude the federal court from exercising jurisdiction. Accordingly, in the event plaintiff does not intend to waive the no local defendant rule, it shall promptly file a motion for remand of this action.

IT IS SO ORDERED.

Dated: 9/16/11

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE